IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DERRICK R. FRAZIER                                                                                    PLAINTIFF

vs.                                         Civil No. 1:08-cv-01003

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Derrick Frazier ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his application for SSI on July 12, 2005. (Tr. 44).  Plaintiff alleged he was disabled due to schizophrenia bipolar mental disorder.  (Tr. 90).  Plaintiff alleged an onset date of November 30, 1999, which is the same month he became incarcerated in the Arkansas Department of Corrections ("ADC").  (Tr. 58).  This application was initially denied on September

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

8, 2005 and was denied again on reconsideration on February 22, 2006. (Tr. 37-39, 42-43).

On March 6, 2006, Plaintiff requested an administrative hearing on his application. (Tr. 31). The hearing was held on March 22, 2007 in El Dorado, Arkansas. (Tr. 270-295). Plaintiff was present and represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff, Vocational Expert ("VE") Ken Waites, and Plaintiff's mother, Barbara Lacy testified at the hearing. *See id.* On the date of this hearing, Plaintiff was twenty-seven (27) years old, which is defined as a "younger adult individual" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 273).

On June 28, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 14-23). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had the severe impairments of asthma, obesity, schizophrenic disorder and affective disorder. (Tr. 16, Finding 2). However, ALJ found Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulation No. 4 ("Listings"). (Tr. 17, Finding 3).

In this decision, the ALJ stated he evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-21). The ALJ stated he evaluated and discounted these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 18).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 18, Finding 4). Specifically,

the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift, carry, push and pull twenty pounds occasionally and ten pounds frequently. He can stand and/or walk six hours in an eight-hour workday, and sit for two hours out of an eight-hour workday. The claimant needs to work in a clean air environment, not purified air, but air free of fumes, dust and industrial pollutants. The claimant is able to perform work where interpersonal contact is incidental to the work performed; complexity of the tasks is learned and performed by rote, few variables, little judgment, supervision is simple, direct, and concrete.

(Tr. 18, Finding 4). *See* 20 C.F.R. § 416.967(b) (2008). The ALJ then determined Plaintiff had no Past Relevant Work. (Tr. 21-22, Findings 5,9). As stated above the Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 292-294).

The VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 292-294). For example, the VE testified such a hypothetical person could perform work as a small products assembler (5,800 such jobs in the State of Arkansas and 454,000 in the nation). (Tr. 22, Finding 9). The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 23, Finding 10).

Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-10). On November 27, 2007, the Appeals Council declined to review this determination. (Tr. 4-6). *See* 20 C.F.R. § 404.984(b)(2). On January 11, 2008, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 9, 10). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ's decision was not supported by substantial evidence in the record because the ALJ erred in not finding that the Plaintiff met the mental disorder Listings 12.03 and 12.04. In response to Plaintiff's arguments, Defendant claims that the Plaintiff did not meet Listings 12.03 or 12.04.

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included asthma, obesity, schizophrenic disorder and affective disorder. (Tr. 16). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed

impairments as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairments meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets or equals Mental Disorders Listing 12.03 or 12.04. The ALJ found Plaintiff did not meet these listings based on finding Plaintiff had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence and pace, and no episodes of decompensation.

Although Plaintiff alleged an onset date of November 30, 1999, Plaintiff had no treatment for a mental condition until July 14, 2004 when he was seen by ADC psychiatrist Dr. Shamim Malik. (Tr. 119). The reason for the examination by Dr. Malik was that a prison security guard had observed Plaintiff refusing to use a toilet, and maintaining a standing position while passing feces. Dr. Malik prescribed Geodon and Prozac. Plaintiff reported auditory hallucinations, which were less intense after receiving medication. Further, Plaintiff was not suicidal or homicidal. (Tr. 119).

On August 25, 2004, Plaintiff was again examined by Dr. Malik and was more relaxed and less tense than before than the last visit. (Tr. 118). Plaintiff indicated he had not experienced any auditory hallucinations, but he continued to not use the toilet seat for fear of germs. (Tr. 118). Dr. Malik saw Plaintiff on December 1, 2004. (Tr. 117). Plaintiff indicated he was relaxed and had used the toilet seat with toilet paper covering the seat. (Tr. 117). Dr. Malik stated Plaintiff appeared less paranoid and was smiling. Plaintiff was fully oriented in all spheres and there was no overt psychosis. (Tr. 117).

On January 12, 2005, Plaintiff was seen by Dr. Malik and stated he was feeling wonderful,

was sleeping better, and thought valproic acid helped his mood swings and anger outbursts. (Tr. 115). Plaintiff denied any feelings of depression and indicated his thinking was getting back to normal. (Tr. 115). Dr. Malik felt Plaintiff was stable and oriented. (Tr. 115).

On June 12, 2005, Plaintiff was seen at the South Arkansas Regional Health Center ("SARHC"). (Tr. 212-228). Plaintiff had recently been released from the ADC and the purpose of the visit was to establish a treating relationship and continue his medication. (Tr. 212). Plaintiff indicated he had no hallucinations after starting the medication and was currently "doing ok". (Tr. 222, 227). Plaintiff was well-groomed and fully oriented, and his demeanor, eye contact, and activity were average. (Tr. 217, 226, 228). Plaintiff was found not to be a risk of harm to himself or others. (Tr. 226).

On August 1, 2005, Plaintiff was examined by Dr. Deanna M. Hopson. (Tr. 156). Plaintiff indicated he had not experienced any auditory hallucinations recently. Dr. Hopson indicated Plaintiff's schizophrenia was stable. (Tr. 156). Plaintiff was again examined at SARHC on August 30, 2005. Plaintiff's mood was good and stable at that time. Plaintiff was functioning well on his medication program and had no overt psychotic symptoms. (Tr. 208). Plaintiff returned to see Dr. Hopson on September 21, 2005. Plaintiff indicated he was sleeping well and his schizophrenia was still stable. (Tr. 155).

On December 12, 2005, Plaintiff was examined by Dr. Alice Abbott for a consultative mental status examination. (Tr. 157-160). Plaintiff informed Dr. Abbott he was pursuing disability benefits for the second time. (Tr. 157). According to Plaintiff, he completing his first semester at the South Arkansas Community School. (Tr. 157). Dr. Abbott found Plaintiff's thoughts were mostly logical. (Tr. 158). Dr. Abbott indicated Plaintiff was likely able to understand, remember

and carry out instructions and was able to respond to supervision and coworkers. (Tr. 159).

The ALJ also set forth his basis for not adopting all of Dr. Abbott's report. (Tr. 21). Dr. Abbott indicated Plaintiff's psychotic disorder may occasionally make his performance inconsistent and unreliable and would likely interfere with his ability to effectively manage work pressure. (Tr. 159). The ALJ found these opinions inconsistent with several SARHC records which indicated Plaintiff was doing well, showing improvement, and only experienced an occasional auditory hallucination. (Tr. 155, 156, 208, 212-228). Furthermore, Plaintiff was seen at SARHC on January 4, 2006, one month following his exam with Dr. Abbott, and indicated he was doing well and was not having any psychotic or depressive symptoms. (Tr. 206). Plaintiff was examined at SARHC on March 15, 2006. Plaintiff had no new complaints and denied any psychotic symptoms. (Tr. 204). Plaintiff returned to SARHC on April 10, 2006 and July 6, 2006 and on each visit, indicated he was doing well and had no new complaints. (Tr. 202, 240).

The ALJ also relied on the reports of two non-examining psychiatrists who prepared a Psychiatric Review Technique on September 6, 2005 and February 10, 2006. (Tr. 161-178, 181-199). Neither of these reports found Plaintiff met Listing 12.03 or 12.04. Further support for the ALJ's findings is based on the fact that no treating psychiatrist or other mental health professional indicated Plaintiff's limitations would preclude all work activity.

Based on the foregoing, I find substantial evidence supports the ALJ's determination Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26th day of February, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE